**JONES & DYER**
**A Professional Corporation**
**1800 J Street**
**Sacramento, California 95814**
**Telephone: (916) 552-5959**
**Fax: (916) 442-5959**

**MARK A. JONES, State Bar #96494**
**KRISTEN K. PRESTON, State Bar #125455**

Attorneys for: Defendants County of Lassen, Steven W. Warren, individually and as Sheriff of Lassen County, Dean Growdon and Nathan Mendes

UNITED STATES DISTRICT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RHONDA BASLER, JAMES DUSTIN BASLER, by and through his guardian ad litem, SANDRA L. OCHOTORENA, and JYSSICA ANN BASLER, by and through her guardian ad litem, SANDRA L. OCHOTORENA,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF SUSANVILLE, COUNTY OF LASSEN, STEVEN W. WARREN, individually and as Sheriff of Lassen County, DEAN GROWDON, NATHAN MENDES, and DOES 1-50, inclusive,<br><br>Defendants. | NO. 2:06 CV-01813 LKK-GGH<br><br>**STIPULATION FOR PROTECTIVE ORDER REGARDING USE OF LASSEN COUNTY SHERIFF AND CITY OF SUSANVILLE POLICE DEPARTMENT RECORDS** |

IT IS HEREBY STIPULATED BY ALL PARTIES to this action by and through their attorneys of record, that in order to protect the confidentiality of the records described below, any of said records disclosed are subject to a protective order (and designated as "Confidential Material") as follows:

1. The documents identified in County of Lassen's Initial Disclosure Statement (FRCP §26(a)), in paragraph B thereof, including the following:

   (a) Lassen County Sheriff's Office Department Reports (Crime Report);

   (b) Lassen County Sheriff's Office policies regarding Use of Firearms and Use of Force;

   (c) Lassen Interagency SWAT Operations Manual.

   (d) SWAT Operations Order regarding Basler incident;

1     (e)     Videotape of scene (pre-incident);

2     (f)     Dispatch/phone/radio communications (audio tapes);

3     (g)     Photographs of scene;

4     (h)     Ramey Warrant and Search Warrant;

5     (I)     Evidence seized at the scene of the incident;

6     (j)     Record of Death and Autopsy Report - Washoe County Medical Examiner;

7     (k)     Autopsy photographs

8     (l)     Peace Officer Standards and Training records and related training records pertaining to Lassen Interagency SWAT, Lt. Dean Growden, and Deputy Nathan Mendes.

The documents identified in City of Susanville's Initial Disclosure Statement (FRCP §26(a)), in paragraph B thereof, including the following:

    (a)     Office of the District Attorney, County of Lassen, Criminal Investigation, Officer Involved Shooting Report on the death of James Dean Basler, with the attachments and some of the evidence identified on pages 52 through 55 of the report.

    (b)     Lassen Interagency SWAT Operations Manual, 09-03 revision;

    (c)     Dispatch/Phone/Radio Communications CD;

    (d)     Various photographs of the scene, physical evidence and of related property areas.

2.     Confidential Material shall be used solely in connection with this litigation and the preparation and trial of this case, or any related appellate proceedings, and not for any other purpose, including any other litigation.

3.     Confidential material may not be disclosed except as set forth in paragraph 5.

4.     Confidential Material may be disclosed only to the following persons:

    a.     Counsel for any party to this action.

    b.     Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in 4(a);

    c.     Court personnel including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action;

    d.     Any outside expert or consultant retained in connection with this action, and

1           not otherwise employed by either party;

2       e.    Any "in house" expert designated by defendant to testify at trial in this matter;

3       f.    Witnesses, other than the plaintiff herein, who may have the documents disclosed to them during deposition proceedings; the witnesses may not leave the depositions with copies of the documents, and shall be bound by the provisions of paragraph 5;

7       g.    Any Neutral Evaluator or other designated ADR provider; and

8       h.    Parties to this action.

Nothing in this paragraph 4 is intended to prevent officials or employees of the County of Lassen, the City of Susanville or other authorized government officials from having access to the documents if they would have had access in the normal course of their job duties. Further, nothing in this order prevents a witness from disclosing event or activities personal to them, i.e., a witness can disclose to others previous information given to the County of Lassen and/or the City of Susanville with respect to what she/he saw, heard, or otherwise sensed.

5. Each person to whom disclosure is made, with the exception of counsel who are presumed to know of the contents of this protective order, shall, prior to disclosure: (1) be provided with a copy of this order by the person furnishing him/her such material, and (2) agree on the record or in writing that she/he has read the protective order and that she/he understand the provisions of the protective order. Such person must also consent to be subject to the jurisdiction of the United States District Court, Eastern District, with respect to any proceeding relating to the enforcement of this order. Defendants County of Lassen and City of Susanville shall be entitled to retain possession of the original writings described above.

6. At the conclusion of the trial and of any appeal or upon other termination of this litigation, all Confidential Material received under the provision of this order (including any copies made) shall be delivered back to the County of Lassen and/or the City of Susanville, as applicable. Provisions of this order insofar as they restrict disclosure and use of the material shall be in effect until all Confidential Material (including all copies thereof) are returned to defendants.

7. ~~Any document filed with the Court that reveals Confidential Material shall be filed~~

1  ~~under seal, labeled with a cover sheet as follows: "Rhonda Basler, et al., v. City of Susanville, et al.,~~
2  ~~United States District Court, Eastern District, Case No. 2:06 CV-01813 LKK GGH.  This document~~
3  ~~is subject to a protective order issued by the Court and may not be copied or examined except in~~
4  ~~compliance with that order."  Documents so labeled shall be kept by the Clerk under seal and shall~~
5  ~~be made available only to the Court or counsel.  Upon failure of the party to so file a document under~~
6  ~~seal, the producing party may request that the Court place the filing under seal.~~ \*\* See attached
7  order.

8        8.      Nothing in this order shall preclude a party from showing or disclosing any
9  documents, e.g., deposition transcript, pleading or brief, which otherwise contain Confidential
10 Material as defined in paragraph 1, as long as such document has been redacted so as to prevent
11 disclosure of such Confidential Material.

12       9.      The foregoing is without prejudice to the right of any party (a) to apply to the Court
13 for a further protective order relating to any Confidential Material or relating to discovery in this
14 litigation; (b) to apply to the Court for an order removing the Confidential Material designation from
15 any document; and (c) to apply to the Court for an order compelling production of documents or
16 modification of this order or for any order permitting disclosure of Confidential Materials beyond the
17 terms of this order.

19 Dated:    3/28/07                          LAW OFFICES OF NEVIN & ABSALOM

21                                            By:    /s/ Edward J. Nevin
                                                   EDWARD J. NEVIN
                                                   Attorneys for Plaintiff

23 Dated:    3/26/07                                 /s/ T. James Fisher
                                                   T. JAMES FISHER
24                                                 Attorney for Plaintiff

25
26 Dated:    4/2/07                                  /s/ James A. Wyatt
                                                   JAMES A. WYATT
                                                   Attorney for Defendant City of
27                                                 Susanville

28 \\\\\

Dated: 4/3/07 JONES & DYER

By: /s/ Mark A. Jones
MARK A. JONES
Attorneys for Defendants County of Lassen, Steven W. Warren, individually and as Sheriff of Lassen County, Dean Growdon and Nathan Mendes

### ORDER

The Court having considered the foregoing stipulation of the parties, and good cause appearing, the Court hereby orders that the above-described records relating to this matter, as more specifically described in Paragraph 1 of the Stipulation, be subject to a protective order fully incorporating the provisions set forth above.

PURSUANT TO THE STIPULATION, IT IS SO ORDERED. **\*\* As modified see attachment A.**

Dated: 4/9/07

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
Magistrate Judge

ATTACHMENT A

Discovery information disclosed in court filings generally is available to the public. See San Jose Mercury News, Inc. v. United States Dist. Ct., 187 F.3d 1096, 1103 (9th Cir.1999) ("[i]t is well-established that the fruits of pre-trial discovery are, in the absence of a court order to the contrary, presumptively public").[1]

Protective orders safeguard the parties and other persons in light of the otherwise broad reach of discovery. United States v. CBS, Inc., 666 F.2d 364, 368-69 (9th Cir. 1982). The court has great discretion to issue protective orders if discovery causes annoyance, embarrassment, oppression, undue burden, or expense. B.R.S. Land Investors v. United States, 596 F.2d 353, 356 (9th Cir. 1979). Good cause, however, is required to obtain a protective order. Fed. R. Civ. P. 26(c); Foltz v State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003); Phillips v. General Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002) ("Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary").

"Good cause" to bar the public from litigation documents must be more than mere desire. The party seeking protection must show specific prejudice or harm, including, with respect to individual documents, particular and specific need. Id.; San Jose Mercury News, Inc., 187 F.3d at 1102; W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial § 11:88. "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." Phillips, 307 F.3d at 1211 (citing Glenmade Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir.1995) (factors)).

Some protective orders enable the parties to designate so much material as "confidential" that, in essence, entire case filings are sealed. The protective order submitted by the parties has the same potential problem. This court will not approve a protective order giving blanket authority to the parties to designate what shall be filed under seal. Accordingly, the parties shall

---

[1] A party may have the right to protect from public disclosure information which has been produced to the other party only because of discovery and which has not been filed with the court. Seattle Times v. Rhinehart, 467 U.S. 20, 104 S.Ct. 2199 (1984). Id. at 33, 37, 104 S.Ct. at 2207, 2209.

observe the following procedure for filing documents under seal.

In matters to be adjudicated by the District Judge, the parties shall submit to the District Judge a stipulation or application for sealing, showing good cause.

In matters to be adjudicated by the undersigned:

1. As to information designated confidential by the party who proposes to file it under seal:

> Ten days prior to the planned submission, the submitting party shall file with the undersigned an ex parte application, served on the opposing party, seeking approval of each specific filing to be made under seal, together with a proposed order. The court shall attempt to rule expeditiously. *In no event, however, will the court's failure to rule on the application prior to the scheduled filing date be a basis to continue the filing date*. If the court does not communicate its ruling on the application prior to the filing date, the confidential documents shall be filed under seal. If the submitting party does not timely file the application, the confidential material shall be filed in the public record.

2. As to information designated confidential by a party other than the party who proposes to file it:

> Ten days prior to the planned filing, the submitting party shall contact the opposing party for permission to make an unsealed filing. Permission, or the lack thereof, shall be memorialized by the submitting party. If the other party fails to permit an unsealed filing, the other party shall file an ex parte application with the undersigned, served on the party proposing to file the information, seeking approval for each specific filing to be made under seal. The other party's application shall be made no later than five days prior to the submitting party's scheduled filing date. The court shall attempt to rule expeditiously. *In no event, however, will the court's failure to rule upon the application prior to the scheduled filing date be a basis to continue the filing date*. If the court does not communicate its ruling on the application prior to the filing date, the information shall be filed under seal. If the other party fails timely to file the application, the submitting party shall file all documents in the public record.

This protective order does not purport to bind other courts with respect to production in cases pending before them.

IT IS SO ORDERED.

Dated: 4/9/07                                   /s/ Gregory G. Hollows
                                                _____
                                                U.S. Magistrate Judge