UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RHONDA BASLER, et al.,

          Plaintiffs,

    v.

CITY OF SUSANVILLE, et al.,

          Defendants.

         NO. CIV. S-06-1813 LKK/GGH

         <u>O R D E R</u>

_____/

    This is a survival and wrongful death action arising from a fatal shooting by police. Pending before the court is a motion for summary judgment filed by defendants County of Lassen and various law enforcement officials (Steven W. Warren, Dean Growdon, and Nathan Mendes) against only one of the plaintiffs, Rhonda Basler, who was at one point in time married to the decedent. Defendants argue that Rhonda Basler lacks standing to sue because she legally separated from the decedent prior to the shooting. Defendants do not contest the standing of the other

1

plaintiffs in the action, who include the decedent's children. For the reasons set forth below, the motion is granted.

## I. Facts[1]

### A. Alleged Shooting

According to the complaint, the decedent James Basler was at his residence in Susanville, California at approximately 11:00 p.m. on July 25, 2005 when defendant law enforcement officials surrounded his residence with the intention of arresting him. Compl. ¶¶ 13, 14. The decedent had a dog chained in the back of the property that started barking when law enforcement began to descend around the house. Compl. ¶ 14. Upon hearing the barking, the decedent exited his residence and asked, "Who's there?" Compl. ¶ 15. At that moment, one of the defendants allegedly started firing his automatic weapon over 30 times at decedent, resulting in his death. Compl. ¶ 15. Although there has been no evidence submitted on the issue, the parties appear to agree that Mr. Basler died intestate.

### B. Relationship between Rhonda Basler and James Basler

Rhonda Basler ("plaintiff") married James Basler on August 19, 1988. Defs.' Statement of Undisputed Fact ("SUF") ¶ 1. On November 30, 1992, Rhonda Basler filed a Petition for Legal Separation in the Humboldt County Superior Court. SUF ¶ 2. In that petition, she requested adjudication of child custody and visitation, spouse support, and determination of marital

---

[1] The relevant facts are undisputed. The court references the complaint only to provide context.

2

1 property rights. <u>Id.</u>  On September 22, 1993, the court entered
2 a Judgment of Legal Separation, which included a final
3 determination as to all community property rights and assets.
4 SUF ¶ 4.  As part of that separation, Rhonda Badler was awarded,
5 as separate property, household goods, furnishings, appliances,
6 and an automobile.  Defs.' Ex. A. at 3.  The court also ordered
7 James Basler to pay monthly child support.  <u>Id.</u>

## II. Standard

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); <u>see also</u> <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 157 (1970); <u>Secor Ltd. v. Cetus Corp</u>., 51 F.3d 848, 853 (9th Cir. 1995).

Under summary judgment practice, the moving party

> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

<u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"  <u>Id.</u>  Indeed, summary judgment should be entered, after adequate time for

discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); see also First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968); Secor Ltd., 51 F.3d at 853.

In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11; see also First Nat'l Bank, 391 U.S. at 289; Rand v. Rowland, 154 F.3d 952, 954 (9th Cir. 1998). The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect

1  the outcome of the suit under the governing law, Anderson v.
2  Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Owens v. Local
3  No. 169, Ass'n of Western Pulp and Paper Workers, 971 F.2d 347,
4  355 (9th Cir. 1992) (quoting T.W. Elec. Serv., Inc. v. Pacific
5  Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987)), and
6  that the dispute is genuine, i.e., the evidence is such that a
7  reasonable jury could return a verdict for the nonmoving party,
8  Anderson, 477 U.S. 248-49; see also Cline v. Indus. Maint. Eng'g
9  & Contracting Co., 200 F.3d 1223, 1228 (9th Cir. 1999).

10  In the endeavor to establish the existence of a factual
11  dispute, the opposing party need not establish a material issue
12  of fact conclusively in its favor.  It is sufficient that "the
13  claimed factual dispute be shown to require a jury or judge to
14  resolve the parties' differing versions of the truth at trial."
15  First Nat'l Bank, 391 U.S. at 290; see also T.W. Elec. Serv.,
16  809 F.2d at 631.  Thus, the "purpose of summary judgment is to
17  'pierce the pleadings and to assess the proof in order to see
18  whether there is a genuine need for trial.'"  Matsushita, 475
19  U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's
20  note on 1963 amendments); see also Int'l Union of Bricklayers &
21  Allied Craftsman Local Union No. 20 v. Martin Jaska, Inc., 752
22  F.2d 1401, 1405 (9th Cir. 1985).

23  In resolving the summary judgment motion, the court
24  examines the pleadings, depositions, answers to interrogatories,
25  and admissions on file, together with the affidavits, if any.
26  Rule 56(c); see also In re Citric Acid Litigation, 191 F.3d

1090, 1093 (9th Cir. 1999). The evidence of the opposing party is to be believed, see Anderson, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, see Matsushita, 475 U.S. at 587 (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam)); See also Headwaters Forest Def. v. County of Humboldt, 211 F.3d 1121, 1132 (9th Cir. 2000). Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).

Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

### III. Analysis

Defendants argue that plaintiff lacks standing to pursue her survival and wrongful death actions because she legally separated from the decedent prior to his death. Whether a "particular party has standing to pursue a claim naturally precedes the question of whether that party has successfully stated a claim." Moreland v. City of Las Vegas, 159 F.3d 365,

6

369 (9th Cir. 1998). Plaintiff bears the burden of proving that standing exists. <u>Northwest Envtl. Def. Ctr. v. Bonneville Power Admin.</u>, 117 F.3d 1520, 1528 (9th Cir. 1997).

**A. Survival Action**

    **1. Relationship to § 1983**

As a general rule, Fourth Amendment rights are personal and may not be vicariously asserted. <u>Alderman v. United States</u>, 394 U.S. 165, 174 (1969). In § 1983 actions, however, "survivors of an individual killed as a result of an officer's excessive force may assert a Fourth Amendment claim on that individual's behalf if the relevant state's law authorizes a survival action." <u>Moreland</u>, 159 F.3d at 369. Survival actions are permitted because, to the extent that federal civil rights laws such as § 1983 are "deficient" with respect to particular issues, or otherwise contain gaps, a federal court applies the state law of the forum so long as it is not "inconsistent" with the constitution and other federal laws. 42 U.S.C. § 1988.[2] Although survival actions are not expressly permitted by § 1983, state law may permit them (by way of § 1988).

    **2. California Law**

Under California law, a survival action "may be commenced by [1] the decedent's personal representative, or, if none, by [2] the decedent's successor in interest." Cal. Code Civ. Proc.

---

[2] § 1988 provides that where federal civil rights laws "are deficient . . . to furnish suitable remedies and punish offenses . . . [state law] so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern."

7

1  § 377.30.  Here, plaintiff does not argue, nor has she presented
2  evidence to suggest, that she was the decedent's duly appointed
3  representative.  Accordingly, in order to have standing to sue,
4  she must be the decedent's "successor in interest."
5       California law defines "successor in interest" as (1) the
6  beneficiary of decedent's estate, or (2) any other successor in
7  interest who succeeds to a cause of action.  Cal. Code Civ.
8  Proc. § 377.11.  Plaintiff would qualify as a beneficiary of the
9  decedent's estate under the first prong if she succeeded to a
10 cause of action under the rules of intestate succession.  Cal.
11 Code Civ. Proc. § 377.10(b).  Accordingly, the question is
12 essentially the same under either prong of the statute: did
13 plaintiff succeed to the decedent's cause of action?
14      Under the rules of intestate succession, plaintiff would
15 succeed to the decedent's cause of action if she was a
16 "surviving spouse."  Cal. Code Civ. Proc. § 377.10(b); Cal.
17 Prob. Code §§ 6401, 7000.  The probate code, however, expressly
18 states that a surviving spouse does not include those who were
19 party to marriages that were "dissolved or annulled," Cal. Prob.
20 Code § 78(a), or who were "party to a valid proceeding concluded
21 by an order purporting to terminate all marital property
22 rights."[3]  Cal. Prob. Code § 78(d).  Accordingly, the legally

---

[3] Plaintiff argues that the definition of "surviving spouse" set forth in the Probate Code is not relevant to ascertaining whether plaintiff should be entitled to bring a survival action. But this is the only colorable (even if ultimately unavailing) means by which plaintiff might have succeeded to the decedent's cause of action.

8

relevant question is whether the Judgment of Legal Separation between plaintiff and decedent entered on September 22, 1993 "terminate[d] all marital property rights."

The court concludes that it did. Even though legal separation does not terminate the marital status, the parties remain "spouses" in name only. See In re Marriage of Von der Nuell, 23 Cal. App. 4th 730, 736 (1994) ("[L]egal separation requires not only a parting of the ways with no present intention of resuming marital relations, but also, more importantly, conduct evidencing a complete and final break in the marital relationship."); see also Cal. Fam. Code § 2310 (legal separation can be maintained on the same grounds as dissolution of marriage, e.g., irreconcilable differences).

In Estate of Lahey, the court expressly held that "the judgment of legal separation constitutes 'an order purporting to terminate all marital property rights.'" 76 Cal. App. 4th 1056, 1059 (1999). "[I]t is obvious that a surviving spouse for purposes of intestate succession is distinct from the legal wife or husband of the decedent." Id. Furthermore, legal separation "serves as a final adjudication of the parties' property rights and is conclusive."[4] Id.

The act adjudicates issues such as support, custody/visitation, and, of particular relevance here, community

---

[4] This finality distinguishes plaintiff's case from that cited by plaintiff's counsel at oral argument, People v. Byrd, 42 Cal. 2d 200, 209 (1954), where the court noted that a husband was the surviving spouse of his deceased wife during the time that a divorce decree was interlocutory.

property rights. "After entry of a judgment of legal separation of the parties, the earnings or accumulations of each party are the separate property of the party acquiring the earnings or accumulations." Cal. Fam. Code § 772. Accordingly, except as otherwise ordered by the court, at the point of legal separation, parties do not accrue further community property.

Because the Judgment of Legal Separation terminated the parties' marital property rights, plaintiff is not a "surviving spouse" and did not succeed to decedent's cause of action. She therefore lacks standing to sue in a survival action under California law. Cal. Code Civ. Proc. §§ 377.30, 377.10, 377.11.

**3. Inconsistency with Federal Law**

As noted earlier, state law may fill the gaps of § 1983 to the extent it is not inconsistent with federal law. Here, plaintiff argues that application of state law, to the extent that it excludes parties to a legal separation from pursuing survival actions, would frustrate the objectives of § 1983. Accordingly, she argues that the court should fashion federal common law and permit a legally separated spouse to bring a survival action on her deceased spouse's behalf. The argument is unavailing.

In <u>Robertson v. Wegmann</u>, 436 U.S. 584 (1991), the plaintiff died pending trial and was not survived by a spouse, children, parents, or siblings. The Supreme Court held that Louisiana's survivorship statute, which did not permit the substitution of the decedent with a decedent's personal representative, was not

inconsistent with § 1983.  The Court found that Louisiana's law, including its limitations on who could bring a survival action, was a reasonable one.  Id. at 592.  The Court also cautioned that "[a] state statute cannot be considered 'inconsistent' with federal law merely because the statute causes the plaintiff to lose the litigation."[5]  Id. at 893.

Like the law at issue in Robertson, California law draws a reasonable line between those who may pursue survival actions and those who may not.  On one side of the line are those who remain married to their spouses (or in domestic partnerships) and whose property rights are intermingled.  On the other side of the line are those whose marriages have been annulled or dissolved, and those whose marital property rights have been terminated.  Those with standing to sue are those who are closest to the decedent, and although the line may not be perfect in all cases, it is a reasonable one to draw.

Indeed, plaintiff does not seem to argue that divorced spouses should have standing to pursue wrongful death actions. It is difficult to conceive of a reason why it would be consistent with federal law to exclude divorced spouses but somehow inconsistent with federal law to exclude legally

---

[5] As plaintiff correctly notes, the Court's holding was limited: "We intimate no view . . . about whether abatement based on state law could be allowed in a situation in which deprivation of federal rights caused death."  Robertson, 436 U.S. at 594.  But that is not the situation here either.  The survival action would not be abated by the court's conclusion that Ms. Basler lacks standing to sue, because the decedent's children may still proceed with suit.

11

separated spouses.

Although some courts have been tempted to depart from state law and fashion federal common law, they have been primarily motivated by a concern of insufficient deterrence. See, e.g., Guyton v. Phillips, 532 F.3d 1154, 1167 (N.D. Cal. 1981) (noting that because pain and suffering damages do not survive death, officials who merely injure or maim a victim face a harsher penalty than when officials kill the victim). Under the facts of this case, however, application of state law would not frustrate the objectives of § 1983. To the extent that plaintiff is concerned about deterring police misconduct, that purpose is already accomplished by the fact that the decedent's children possess standing to sue and are, in fact, plaintiffs in this case.

**B. Wrongful Death**

In contrast to a survival action, a wrongful death action is an independent claim for damages personally suffered by certain individuals as a result of the decedent's death. The wrongful death statute is intended to limit the right of recovery to the class of persons who are presumed to be injured by the decedent's death. Steed v. Imperial Airlines, 12 Cal. 3d 115, 119-20 (1974). California law provides that wrongful death actions may be asserted by the decedent's "surviving spouse, domestic partner, children, and issue of deceased children." Cal. Code Civ. Proc. § 377.60. Furthermore, the requirements for filing a wrongful death action are strictly construed.

Justus v. Atchison, 19 Cal. 3d 564 (1977). Accordingly, the question again is whether plaintiff is a "surviving spouse" under the wrongful death law.

For the same reasons that plaintiff is not a surviving spouse for purposes of intestacy and survival actions, she is also not a surviving spouse for purposes of the wrongful death statute.[6] See Cheyanna M. v. AC Nielsen, 66 Cal. App. 4th 855, 864 (1998) ("The statutory right to bring a wrongful death action . . . is grounded in the right to inherit from the decedent."). Just as a divorced spouse lacks standing to pursue a wrongful death action, see Villacampa v. Russell, 178 Cal. App. 3d 906 (1986), and a child lacks standing to pursue a wrongful death action for her mother after the termination of parental rights, see Jackson v. Fitzgibbons, 127 Cal. App. 4th 329, 335 (2005), a legally separated spouse lacks standing to pursue a wrongful death action for her deceased spouse.

Finally, although plaintiff maintains that application of California's wrongful death statute would frustrate the objectives of federal law, wrongful death is purely a question

---

[6] Plaintiff argues that the class of individuals permitted to bring wrongful death actions expanded when the legislature amended the law. Plaintiff reasons that because a limitation on "heirs" is no longer present, she is entitled to bring the present action even if she was not entitled to inherit the decedent's property by intestate succession. This argument ignores the fact that while the language of "heirs" may no longer be present, the relevant statute, Cal. Code Civ. Proc. § 377.60, nevertheless specifically enumerates who is permitted to bring suit. Plaintiff does not fall into any of those enumerated categories. See also Phraner v. Cote Mart, 55 Cal. App. 4th 166, 169 (1997) ("The change in the language was not a broadening of the statute, but a mere clarification.").

13

of state law.  Unlike plaintiff's survival action, which relies upon § 1983, the wrongful death action does not.[7]  In any event, to the extent that federal law might have any bearing upon the wrongful death claim, the court rejects any alleged inconsistency between federal and state law for the same reasons discussed in the survival action context.

### IV. Conclusion

For the reasons set forth above, defendants' motion for summary judgment is GRANTED against Rhonda Basler only.

IT IS SO ORDERED.

DATED: September 13, 2007.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[7] Although the survivor of a decedent may pursue an action for loss of companionship based on the Fourteenth Amendment's due process protection of familial relationships, Curnow v. Ridge Crest Police, 952 F.2d 321, 325 (9th Cir. 1991), plaintiff did not plead such an action.

14